UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN MEARS,

                       Petitioner,

        -against-

COMMISSIONER OF D.O.C.C.S.; N.Y. CO. DIST. ATTY.,

                       Respondents.

1:22-CV-2273 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Steven Mears, who appears to be serving a term of postrelease supervision, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his March 9, 2005 conviction in the New York Supreme Court, New York County. For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

      The Court's records show that Petitioner filed a previous Section 2254 petition challenging the same conviction, and that that petition was denied as untimely. *See Mears v. Graham*, ECF 1:13-CV-8737, 25 (S.D.N.Y. July 11, 2014) (recommending granting the respondent's motion to dismiss for untimeliness), *report & recommendation adopted*, ECF: 1:13-CV-8737, 27 (S.D.N.Y. Aug. 14, 2014). Because Petitioner's previous Section 2254 petition was decided on the merits, *see Quezada v. Smith*, 624 F.3d 514, 518 (2d Cir. 2010) ("[A] petition dismissed as time-barred is considered a decision on the merits."), the present Section 2254 is a second or successive petition, *see Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002) ("[A] petition shall be classified as 'second or successive' if a prior petition, challenging the same conviction, has been decided 'on the merits.'") (citation omitted).

Before a second or successive Section 2254 petition is filed in a federal district court, authorization from the appropriate court of appeals is required. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue the present Section 2254 petition.[1]

## CONCLUSION

In the interest of justice, the Court transfers this petition, which the Court construed as a second or successive Section 2254 petition, to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996). This order closes this action in this court. If the Court of Appeals authorizes Petitioner to proceed in this matter, Petitioner shall move to reopen this action under this civil docket number.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] Any motion to the Court of Appeals must show that: (A) the claim being raised by the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (B) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2)(A), (B)(i), (ii).

The Court directs the Clerk of Court to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   March 22, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge